**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIMMY ALLEN PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-048-TCK-FHM |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 9) to the petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 9, 10, 11). Petitioner has not filed a reply to the response. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

On July 3, 2003, two girls, twelve-year-old A.C. and fourteen-year-old M.P., were swimming with Petitioner Jimmy Allen Phillips in his swimming pool at his house, located in Chelsea, Oklahoma. Both girls accused Petitioner of grabbing them, putting his hand under their swim suits, and inserting his finger in their vaginas. Each girl witnessed Petitioner's contact with the other girl. No one else was present at the time of the incidents of sexual contact.

As a result of those events, Petitioner was charged with two (2) counts of Rape by Instrumentation (Counts I and II), and two (2) counts of Lewd Molestation (Counts III and IV), in Rogers County District Court, Case No. CF-2003-324. Counts III and IV were dismissed prior to trial. At the conclusion of a jury trial, Petitioner was found guilty of both counts of Rape by

Instrumentation. The trial court sentenced Petitioner in accordance with the jury's recommendation to twelve (12) years on Count I and to twenty-two (22) years on Count II, with the sentences to be served consecutively. Petitioner was represented at trial by attorney William R. Higgins.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Gloyd McCoy, he raised a single proposition of error: "Mr. Phillips was denied a fair trial because of the improper remarks made by the prosecutor during closing argument." See Dkt. # 9, Ex. 1. Within his direct appeal brief, appellate counsel also argued that trial counsel provided ineffective assistance of counsel in failing to object to the prosecutor's improper comments. In an unpublished summary opinion filed June 8, 2005, in Case No. F-2004-576 (Dkt. # 9, Ex. 3), the OCCA found that Petitioner's claim of prosecutorial misconduct did not warrant reversal of the convictions but did warrant relief from the sentences. Therefore, the OCCA affirmed the judgments but modified the sentences to be served concurrently. Id.

On September 1, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 9, Ex. 4. He prepared his application on the form approved by the OCCA. In Part B of the form, Petitioner stated he had 31 propositions of error and attached a list identifying 49 "potential grounds for relief." He placed "Xs" beside 31 of the 49 grounds, but provided no factual support for any of the 31 marked claims. By order filed September 25, 2006 (Dkt. # 9, Ex. 6), the state district court denied relief, finding all of the claims to be procedurally barred except the claims of ineffective assistance of counsel and "newly considered evidence." The trial court rejected those claims, finding that "trial counsel's representation was sufficient under the United States and Oklahoma Constitutions and Amendments thereto, and that there was no reference to what any 'newly discovered evidence' may be." See id. Petitioner filed a post-conviction appeal in the

2

OCCA. See Dkt. # 9, Exs. 7 and 8. By Order filed January 12, 2007, in Case No. PC-2006-1108, the OCCA imposed a procedural bar on all claims except a claim of ineffective assistance of appellate counsel. See Dkt. # 9, Ex. 9. In addition, the OCCA rejected the claim of ineffective assistance of appellate counsel. See id.

On January 22, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner identifies three (3) grounds for relief, as follows:

Ground 1:   Prosecutorial misconduct denied petitioner a fair trial due to improper remarks by prosecutory [sic] during closing arguments.

Ground 2:   Trial counsel was ineffective for failing to object to prosecutor's improper remarks (see Ground 1).

Ground 3:   See attached pages for thirty-one (31) additional potential grounds for relief, all raised on collateral state post conviction relief. Hearing denied. Record denied.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief on the first two grounds of error under 28 U.S.C. § 2254(d), and that ground 3 should be denied as procedurally barred or because the "potential" grounds are undeveloped factually. See Dkt. # 9. As indicated above, Petitioner did not file a reply to Respondent's response. However, he did file a motion for leave to file an amended petition to provide a factual basis for the claims raised in ground 3 of the petition. See Dkt. # 22. By Order filed September 4, 2008 (Dkt. # 25), the Court denied the motion for leave to file amended petition finding that the proposed amended petition contained unexhausted claims.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by showing either (a) that the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) that there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). The exhaustion doctrine is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose, 455 U.S. at 518); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). "In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)). In this case, Respondent concedes and the Court agrees that Petitioner has exhausted available state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain

federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  In this case, the OCCA adjudicated Petitioner's ground 1 claim on direct appeal. In addition, the OCCA adjudicated a claim of ineffective assistance of appellate counsel on post-conviction appeal.  Therefore, to the extent those claims are cognizable, they shall be reviewed pursuant to § 2254(d).

**1. Prosecutorial misconduct**

As his first proposition of error, Petitioner alleges that he was denied a fair trial as a result of improper comments by the prosecutor during closing argument. He claims that the prosecutor impermissibly vouched for the credibility of the victims and improperly referenced religion during the rebuttal stage of closing arguments.  On direct appeal, Petitioner identified the objectionable comments as follows:

> A man I used to work for who used to be the D.A. looked at me once and he said, "Do you believe in your case?"  And it was not this case.  It was another case. But he said, "Do you believe in your case?" I said, "Yes, I believe in my case." He said, Well don't you have the guts to get up there and say either believe these girls

> . . . If you believe them and I've proven it beyond a reasonable doubt, return a guilty verdict. And if you think these two girls are the biggest liars in eternity, have come for months, testified in different hearings, you've heard about the testimony of their tears, their fears. Do you think [M.P.'s] tears on this witness stand were tears of joy?
> Ladies and gentlemen, I believe in my case. These two girls did, as I said before, everything they were asked to do. They were at every hearing they were asked to be at. They testified. And if the defense is that [A.C.] was concerned about her mother, [A.C.] could certainly have told her attorney, I don't want to be adopted. Why? I don't know the whys. All I know is these two little girls beared [sic] their souls. And is it not a shame to be victimized as a young person simply because you are a female? Is it not a shame?
> Ladies and gentlemen, when you abuse a child, when you abuse a child, you kick sand in the eyes of God. And the last tear in this case will not be [A.C.].
> COURT:       Five minutes, Mr. Abitbol.
> MR. ABITBOL:The last tear will not be [A.C.]. The last tear will not be [M.P]. It will be God's.

See Dkt. # 9, Ex. 1 (citing Tr. Trans. Vol. II at 471-73). In resolving the issue of prosecutorial misconduct on direct appeal, the OCCA found as follows:

> The prosecutor improperly stated that he 'believed' in his case, that by abusing a child the defendant 'kicked sand in the eyes of God,' and that the last tear shed in this case would be 'God's' . . . The prosecutorial misconduct in this case does not warrant reversal. Some form of relief, however, is warranted. Otherwise there is no incentive against such improper argument.

See Dkt. # 9, Ex. 3 n.2. Thus, finding that the comments were "improper and arguably prejudicial," the OCCA modified Petitioner's sentences to run concurrently rather than consecutively. However, the OCCA affirmed the convictions. Id.

Petitioner in this case does not allege that the prosecutor's improper remarks impacted a specific constitutional right, such as the privilege against compulsory self-incrimination. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Patton v. Mullin, 425 F.3d 788, 811 (10th Cir. 2005). Instead, he argues that the prosecutor's improper remarks deprived him of a fair trial. As a result, habeas corpus relief is available only if the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at

6

642-648; Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "[I]nappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." United States v. Young, 470 U.S. 1, 11 (1985). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

Petitioner is not entitled to habeas corpus relief on this claim because he has failed to demonstrate that the OCCA's refusal to reverse his convictions was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. The Court agrees with the OCCA that the prosecutor's comments were improper. However, having reviewed the trial transcripts, the Court finds the prosecutor's references to God and religion were limited to closing argument and could not plausibly have tipped the scales in favor of the prosecution. Additionally, in light of the ample evidence in the record of Petitioner's guilt, see Fero, 39 F.3d at 1474, and as discussed in more detail below, the Court finds that there is not a reasonable probability that the jury's finding of guilt would have been different without the improper comments. See Smallwood, 191 F.3d at 1276. Lastly, the OCCA granted Petitioner relief from his sentence to deter such improper comments. Petitioner is not entitled to further relief in this habeas corpus action. 28 U.S.C. § 2254(d).

**2. Ineffective assistance of trial counsel (ground 2)**

As his second proposition of error, Petitioner complains that trial counsel provided ineffective assistance in failing to object to the improper comments made by the prosecutor during closing argument. Petitioner raised this claim on direct appeal. See Dkt. # 9, Ex. 1 at 14-17. The OCCA did not specifically address the claim in its direct appeal opinion. Nonetheless, as discussed above, the OCCA, without commenting on counsel's failure to object to the comments, granted Petitioner relief from his sentence based on the prosecutor's improper comments.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-pronged standard for evaluating claims of ineffective assistance of counsel. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the Strickland standard. Even if counsel's failure to object to the prosecutor's comments rises to the level of deficient performance, Petitioner has failed to demonstrate that he suffered prejudice as a result. He has not shown a reasonable probability that had counsel objected to the prosecutor's comments, the result of the proceeding would have been different. Petitioner asserts that as a result of the prosecutor's comments, the "jury was influenced to convict on basis of bias, passion, religious beliefs, etc. Imposition of 12 yr. & 22 yr. sentences reflects jury's passion, etc., in light of relatively weak case presented by state." See Dkt. # 1. The Court disagrees. First, the State's case cannot be characterized as "weak." Although Petitioner testified and denied the victims' allegations, see Tr. Trans. Vol. II at 404, each victims' testimony was strong, consistent, and plausible. See Tr. Trans. Vol. I at 34-45, 188-200. The victims were subject to extensive cross-examination. See id. at 45-102, 200-264. Each victim also testified that she swam underwater and witnessed Petitioner "fingering" or putting his finger in the vagina of the other girl. Id. at 38, 196, 238, 254-58. Michele Parker, mother of one victim and provider of foster care to the other victim, described the girls' demeanor upon their arrival at home shortly after the incident. She testified that both girls were "bawling" and A.C. was "hysterical." See Tr. Trans. Vol. II at 277-79. In addition, the physician who examined the victims testified that A.C. had injuries, including bruises, superficial scratches, and superficial abrasions on the external genitalia, which were consistent with an event of sexual abuse. See Tr. Trans. Vol. I at 143-46. Based on that evidence, the Court finds that the prosecutor's comments, while improper, do not undermine confidence in the outcome of Petitioner's trial. Petitioner has failed to demonstrate a reasonable

9

probability that the jury's finding of guilt was impacted by the prosecutor's improper closing argument and Petitioner was not prejudiced by counsel's failure to object. Also, because the OCCA considered the claim of prosecutorial misconduct and granted sentencing relief on direct appeal, Petitioner cannot argue that defense counsel's failure to object resulted in waiver of the issue on direct appeal. Therefore, the Court concludes that Petitioner has failed to satisfy the prejudice prong of Strickland. He is not entitled to relief based on his claim of ineffective assistance of trial counsel.

### 3. Ineffective assistance of appellate counsel (part of ground 3)

As part of his third proposition of error, Petitioner claims he received ineffective assistance of appellate counsel. He makes the general allegation that appellate counsel failed to raise any of the 31 "potential" claims raised in his state post-conviction proceeding. See Dkt. # 1 at 11. However, he provides no factual support for any of the omitted "potential" claims. Nor does he provide any factual support for his claim of ineffective assistance of appellate counsel. This Court will not develop a claim for Petitioner. For that reason alone, Petitioner's claim of ineffective assistance of appellate counsel as raised in the petition should be denied. See Moore v. Gibson, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999).

In considering Petitioner's claim of ineffective assistance of appellate counsel as raised on post-conviction appeal, the OCCA stated that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." See Dkt. # 9, Ex. 9. The Tenth Circuit has determined that the standard cited by the OCCA deviates from the controlling federal standard, and that as a result, the OCCA's analysis of Petitioner's claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th

Cir. 2003). As a result, this Court's review of Petitioner's ineffective assistance of appellate counsel claim is *de novo*. However, as indicated above, Petitioner provides no factual support for his claim of ineffective assistance of appellate counsel. Nor does he provide a factual basis for the "potential" claims allegedly omitted by appellate counsel. Therefore, upon *de novo* review of Petitioner's ineffective assistance of appellate counsel claim, the Court finds Petitioner has failed to satisfy the Strickland standard. He is not entitled to habeas corpus relief based on his undeveloped claim of ineffective assistance of appellate counsel.

**C.  Procedural bar (part of ground 3)**

As his third proposition of error, Petitioner identifies 31 "potential" claims. As emphasized above, however, he provides no factual support for any of the "potential" claims. To the extent the claims raised in the habeas petition are the same claims raised in the application for post-conviction relief, the OCCA rejected the claims of ineffective assistance of appellate counsel and any claim based on "newly discovered evidence." See Dkt. # 9, Ex. 9. As to the remaining claims, the OCCA determined that "all issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived." See id. Thus, the OCCA in effect denied the claims as procedurally barred. See id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th

Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Petitioner did not file a reply and has not challenged the independence and adequacy of the state procedural bar. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (defendant bears burden of contesting independence and adequacy of state procedural bar once state has asserted the affirmative defense). Nonetheless, the Court finds the procedural bar applied to Petitioner's claims identified in ground 3 is independent and adequate to preclude habeas corpus review. Petitioner failed to provide any explanation or factual support for his claims raised in the application for post-conviction relief. Therefore, he failed to demonstrate that the claims could not have been raised on direct appeal. The resulting procedural bar, based on Okla. Stat. tit. 22, § 1086, was both "independent" state ground because state law provided "the exclusive basis for the state court's holding," Maes, 46 F.3d at 985, and adequate to preclude federal habeas review. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"); Hain v. Gibson, 287 F.3d 1224, 1230 (10th Cir. 2002); Sherrill, 184 F.3d at 1175.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner makes a general claim that ineffective assistance of appellate counsel constitutes cause for his failure to raise these defaulted claims on direct appeal. The Court recognizes that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, in part B(3) above, the Court has found that Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel. The Court also recognizes that Petitioner claims he could not develop the factual bases for his "potential" claims because his appellate counsel failed to provide copies of trial transcripts for his use. However, difficulty in obtaining the record does not provide an excuse for a petitioner's inability to develop a factual basis for his post-conviction claims. See, e.g., Abeyta v. Estep, 198 Fed. Appx. 724, 727 (10th Cir. 2006) (unpublished). Therefore, Petitioner has failed to demonstrate cause to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted and makes an unsupported claim that he has new evidence. However, he does not identify, describe, or provide the alleged "new" evidence. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is precluded from considering the merits of Petitioner's procedurally barred claims. Coleman, 510 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 12th day of August, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT COURT